MacPHAIL, P. J.,
— In this replevin action, defendant, Hanks, has filed an answer with new matter. Plaintiff has filed a preliminary objection to the answer and new matter in the nature of a demurrer. The disposition of the demurrer is now before us.
From the pleadings it appears that plaintiff seeks to recover possession of a 1957 AC Caterpillar Tractor Model [¶] 5. Defendant, Hanks, admits he has possession of the tractor, but says he is entitled to possession by reason of an oral agreement between plaintiff and himself wherein plaintiff agreed to pay Hanks $2 per day for the storage of the tractor. Hanks avers that he has not been paid for the storage charges. Hanks says he is entitled to possession and to the recovery of the unpaid storage charges in this action.
Since defendant admits having possession of the tractor and admits that plaintiff is the owner thereof, the only issue to be resolved by the court is whether defendant has alleged sufficient facts in his answer *759 which, if true, would give him a possessory hen as to the tractor. After a careful review of the authorities cited in the briefs submitted by counsel, we have no difficulty concluding that defendant has no possessory lien under the facts alleged in his answer.
Liens on personal property may be created by express agreement between the parties, by statute, by implication or by the common law. In this case, there was no express agreement that defendant could retain the tractor if plaintiff did not pay the storage charges. All that appears from the answer is that there was an agreement as to what the storage charges would be. Defendant’s reliance upon Foresman v. Brockerhoff, 23 D. & C. 2d 515 (1960), is misplaced because in that case there was a written agreement which expressly provided that plaintiffs could not remove their property unless they had first discharged all obligations under the lease agreement. In Emergency Loan Co. of Norristown v. Ziegler, 31 D. & C. 1 (1937), also cited by defendant, there was an oral agreement that defendant could retain possession of the goods sought to be replevied until charges for storage, etc., were paid.
There is no statutory authority for the hen claimed by defendant in this case. The Act of December 14, 1863, P.L. (1864) 1127, as amended, 6 PS §15, cited by defendant, is an enforcement provision where a lien exists under law. The precise issue here is whether or not such a lien does exist. The Act of 1863, supra, does not create such a lien.
There can be no lien by implication under the circumstances of this case, because no facts are alleged from which such a lien could be implied. Neither is there a common-law lien for storage charges where no repairs are performed or work done pursuant to the owner’s instructions. There is no allegation that defendant is a warehouseman and, therefore, he would *760 not come under the provisions of the law pertaining to such persons.
In his brief, defendant apparently seeks to bring his case under those cases wherein distraint proceedings have been instituted by a landlord and a replevin action by the tenant follows. Distraint proceedings, of course, arise from a landlord-tenant relationship. There is no evidence of such a relationship in the pleadings before us. Therefore, the rights of landlords under such proceedings would be inapplicable here.
Since defendant has failed to show any legal basis for his possessory lien, the demurrer must be sustained.
ORDER OF COURT
And now, January 22, 1971, plaintiff’s demurrer to. the answer of defendant, Wayne Hanks, is sustained. Leave is granted to defendant to file an amended answer within 20 days from the date of this order.